IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAUL ALONSO ZUNIGA-CASTILLO,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br><br>Civil Case No. 2:09-CV-1127 TS<br><br>Criminal Case No. 2:07-CR-130 TS |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Because the Court finds the instant Motion, and the grounds raised therein, barred by Petitioner's plea agreement, the Court will deny the Motion and dismiss this case.

## I. BACKGROUND

On February 28, 2007, Petitioner was named in a nine-count indictment, charging him with possession with intent to distribute cocaine, possession with intent to distribute heroin, possession with intent to distribute cocaine base, reentry of a previously removed alien,

possession of a firearm in furtherance of a drug trafficking crime, and illegal alien in possession of a firearm.

On October 16, 2008, Petitioner pleaded guilty to counts 5 and 8 of the Indictment. As part of his plea agreement, Petitioner waived his right to challenge his sentence, and the manner in which it was determined, "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[1]

Petitioner was sentenced on January 8, 2009, to 136 months custody. Judgment was entered on January 12, 2009. Petitioner timely filed this Motion on December 22, 2009.

## II. DISCUSSION

In his original Motion, Petitioner raised five claims. In his reply, however, Petitioner indicated that he no longer wished to pursue three of his claims. As a result, the following claims remain: (1) counsel was ineffective in failing to move to suppress the firearm; and (2) counsel was ineffective for failing to move to suppress the cocaine/crack. Petitioner also argues, for the first time in his reply brief, that he should be permitted to withdraw his plea.

A.     INEFFECTIVE ASSISTANCE OF COUNSEL

As stated, Petitioner's plea agreement contained a waiver of his right to bring a § 2255 Motion. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[2] In determining the enforceability of such

---

[1]Docket No. 62 in Case No. 2:07-CR-130 TS.

[2]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[3]

1. *Scope of the Waiver*

As set forth above, Petitioner is pursuing two claims in his § 2255 Motion. Petitioner argues that his counsel was ineffective for failing to move to suppress both the firearm and narcotics. These claims fall clearly within the scope of the waiver.

The Tenth Circuit has held "that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[4] Petitioner's new argument, contained in his reply brief, argues that his plea was not voluntary, but does not assert ineffective assistance of counsel in relation to the validity of the plea or the waiver. Petitioner's ineffective assistance claims are limited to those suppression issues identified above.[5] Therefore, the Court finds Petitioner's ineffective assistance claims fall within the scope of the waiver.

---

[3]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[4]*Cockerham*, 237 F.3d at 1187.

[5]Petitioner makes a conclusory statement that, as a result of counsel's ineffective assistance, his plea was not entered knowingly, intelligently, and voluntarily. However, as stated, Petitioner's ineffective assistance claims do not concern his plea and such a conclusory statement is insufficient.

*2.     Knowing and Voluntary*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[6]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[7] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[8]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[9]

As stated, in his reply, Petitioner argues that his plea was not voluntary.  Nowhere, however, does he allege that the waiver at issue here was not voluntary.  The waiver was clearly set out in his plea agreement and was discussed during the Rule 11 colloquy.  Therefore, the Court finds that the waiver was entered into knowingly and voluntarily.

---

[6]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[7]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[8]*Id.* (internal citations omitted).

[9]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

*3.     Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[10]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[11]

Petitioner bears the burden of establishing a miscarriage of justice.[12]  There is no evidence of any of the circumstances set forth above.

Based on the above, the Court finds Petitioner's ineffective assistance claims fall within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice.  Therefore, this Court will enforce Petitioner's waiver.

B.     WITHDRAWAL OF GUILTY PLEA

For this first time in his reply brief, Petitioner argues that he should be permitted to withdraw his plea.  Fed.R.Crim.P. 11(e) provides that, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack."

---

[10]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

[11]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[12]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

The Court cannot grant Petitioner's request to withdraw his plea under Rule 11 and, because the Court finds that this collateral attack is barred by the waiver contained in his plea agreement, the Court will deny Petitioner's request.  Finally, the Court considers Petitioner's new argument to be an untimely second or successive § 2255 Motion and finds that it is not in the interests of justice to transfer the Motion.[13]

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. 2:09-CV-1127 TS) is DENIED.

The Clerk of the Court is directed to close this case forthwith.

DATED   September 27, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[13]*In re Cline*, 531 F.3d 1249, 1250-51 (10th Cir. 2008).