IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAUL ALONSO ZUNIGA-CASTILLO,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S 60(b) MOTION<br><br><br><br><br>Civil Case No. 2:09-CV-1127 TS<br><br>Criminal Case No. 2:07-CR-130 TS |

This matter is before the Court on Petitioner's Motion under Fed.R.Civ.P. 60(b). For the reasons discussed below, the Court finds that Petitioner's Motion constitutes a second or successive petition under 28 U.S.C. § 2255 and the Court is without jurisdiction to consider the Motion.

I.  BACKGROUND

On February 28, 2007, Petitioner was named in a nine-count indictment, charging him with possession with intent to distribute cocaine, possession with intent to distribute heroin, possession with intent to distribute cocaine base, reentry of a previously removed alien,

1

possession of a firearm in furtherance of a drug trafficking crime, and illegal alien in possession of a firearm.

On October 16, 2008, Petitioner pleaded guilty to counts 5 and 8 of the Indictment. Petitioner was sentenced on January 8, 2009, to 136 months custody. Judgment was entered on January 12, 2009.

Petitioner filed a motion under 28 U.S.C. § 2255 on December 22, 2009. Petitioner argued that his counsel was ineffective in failing to move to suppress a firearm and drugs. Additionally, in his reply brief, Petitioner argued that he should be permitted to withdraw his plea because he did not possess the firearm and because his counsel was ineffective.

The Court denied Petitioner's § 2255 motion on September 27, 2011. Petitioner appealed the Court's decision. On March 29, 2012, the Tenth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeal.

Petitioner filed his 60(b) Motion on July 9, 2012. In that Motion, Petitioner again argues that his plea was involuntary because his counsel was ineffective. Because of this alleged ineffectiveness, Petitioner states that the Court erred in denying his § 2255 motion.

## II. DISCUSSION

"[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[1] Petitioner's 60(b) Motion merely reasserts the arguments he has raised previously. Therefore, his Motion is actually a second or successive § 2255 petition.

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[2] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[3] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[4]

The Tenth Circuit has provided several factors a court should consider to determine whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[5]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion and, as a result, the Court will dismiss Petitioner's Motion for lack of jurisdiction.

---

[2]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[3]*Id.* at 1251.

[4]*See* 28 U.S.C. § 1631.

[5]*In re Cline*, 531 F.3d at 1251.

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's 60(b) Motion (Docket No. 92 in Case No. 2:07-CR-130 TS) is DISMISSED for lack of jurisdiction.

DATED   October 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge